UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Joseph A. Kostelecky,<br><br>        Petitioner,<br><br>v.<br><br>Jared Rardin, *Warden*, *FMC Rochester*,<br><br>        Respondent. | Case No. 23-cv-778 (KMM/DJF)<br><br>**REPORT AND RECOMMENDATION** |

## INTRODUCTION

This matter is before the Court on Petitioner Joseph A. Kostelecky's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition") (ECF No. 1).[1] Finding no hearing necessary, the Court recommends Mr. Kostelecky's Petition be denied and this matter be dismissed with prejudice.[2]

## BACKGROUND

### A.  Mr. Kostelecky's Incarceration

Mr. Kostelecky filed his Petition while incarcerated at the Federal Medical Center in Rochester, Minnesota (ECF No. 1 at 1). He is serving an aggregated 36-month term of imprisonment, followed by 36-month term of supervised release, for wire fraud in violation of 18 U.S.C. § 1343, and securities fraud in violation of 15 U.S.C. §§ 78j(b) and 78ff(a), and 17 C.F.R. § 240.10b-5. (ECF Nos. 5 ¶ 3; 5-1 (Ex. A) at 2- 3.) On May 10, 2023, the Bureau of Prisons

---

[1] The undersigned United States Magistrate Judge considers this matter pursuant to a general referral in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1.

[2] As set forth below, there are no material facts in dispute. Accordingly, an evidentiary hearing is unnecessary. *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996).

("BOP") transferred Mr. Kostelecky to home confinement. (ECF No. 9 ¶ 3; ECF No. 9-1 (Ex. A) at 1.) His current projected release date, with Good Conduct Time credit, is November 19, 2024, and with First Step Act Time Credits, is June 22, 2024. (ECF No. 9 ¶ 4; 9-2 (Ex. B) at 3.)

**B.     The First Step Act**

In December 2018, the First Step Act ("FSA") became law. *See* 18 U.S.C. § 3632. The FSA contains various carceral reforms, including the potential for certain federal inmates to reduce the length of their sentences by accumulating "Time Credits." *See id.* Specifically, the FSA provides, "[a] prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits" at a rate described by statute. *Id.* § 3632(d)(4). Inmates can earn ten days of Time Credits for every thirty days of successful participation in evidence-based recidivism reduction ("EBRR") programming or productive activities ("PAs"), and eligible inmates with a low risk of recidivism can earn an additional five days of FSA Time Credits for every thirty days of successful participation. *Id.* Mr. Kostelecky earned 10 days of FSA Time Credits for every 30-day period of successful participation from May 2, 2022 until November 26, 2022, and 15 days of FSA Time Credits for every thirty days of successful participation from that point forward. (ECF No. 5 ¶ 10; 5-5 (Ex. E) at 1.) Respondent avers that as of May 18, 2023, Mr. Kostelecky earned a total of 150 days of FSA Time Credits to apply toward his release, resulting in a projected release date of June 22, 2024.[3] (*See* ECF Nos. 8 at 1; 9 ¶ 4; 9- 2 (Ex. B) at 3.)

An eligible inmate generally is not considered to be "successfully participating" in EBRR programming or PAs in situations including, but not limited to: (i) Placement in a Special Housing

---

[3] Respondent initially provided an FSA Time Credit calculation as of March 25, 2023. (*See* ECF No. 5-5 (Ex. E) at 1.) At that time, Mr. Kostelecky had earned 120 FSA Time Credits and had a projected release date of July 22, 2024. (*Id.*; ECF No. 5 ¶ 25.)

2

Unit; (ii) Designation status outside the institution (*e.g.*, for extended medical placement in a hospital or outside institution, an escorted trip, a furlough, etc.); (iii) Temporary transfer to the custody of another Federal or non–Federal government agency (*e.g.*, on state or Federal writ, transfer to state custody for service of sentence, etc.); (iv) Placement in mental health/psychiatric holds; or (v) "Opting out" (choosing not to participate in the EBRR programs or PAs that the Bureau has recommended). 28 C.F.R. § 523.41(c)(4)(i)-(v). Moreover, an inmate may lose FSA Time Credits "for violation of the requirements or rules of an EBRR Program or PA." 28 C.F.R. § 523.43(a). An inmate may appeal that loss "through the Bureau's Administrative Remedy Program." *Id.* § 523.43(b).

For most inmates who earn FSA Time Credits,[4] the Bureau of Prisons ("BOP") may apply the Time Credits towards an earlier transfer to supervised release or prerelease custody if the inmate: (1) has earned Time Credits in an amount that is equal to the remainder of the inmate's imposed term of imprisonment; (2) has shown through periodic risk reassessments either a demonstrated recidivism risk reduction or maintenance of a minimum or low recidivism risk during the term of imprisonment; and (3) had the remainder of his or her imposed term of imprisonment computed under applicable law (together the "General Requirements")). 18 U.S.C. § 3624(g); *see also* 28 C.F.R. § 523.44(b).

In addition to the General Requirements, the FSA imposes certain prerelease requirements. Specifically, the FSA states the BOP may apply earned FSA Time Credits towards prerelease custody only when an eligible inmate has maintained a minimum or low recidivism risk level through his or her last two risk assessments or had a petition to be transferred to prerelease custody

---

[4] Deportable inmates may earn Time Credits but are not eligible to apply them. 18 U.S.C. § 3632(E)(i); *see also* 28 C.F.R. § 523.44(a)(2).

approved by the Warden upon consideration that: (1) the prisoner would not be a danger to society if transferred to prerelease custody or supervised release; (2) the prisoner has made a good-faith effort to lower their recidivism risk through participation in recidivism reduction programs or productive activities; and (3) the prisoner is unlikely to recidivate (together ("Prerelease Requirements"). 18 U.S.C. § 3624(g); 28 C.F.R. § 523.44(c).

In addition to the General Requirements and Prerelease Requirements, the BOP may apply earned FSA Time Credits to early supervised release only when: (1) an eligible inmate has maintained a minimum or low recidivism risk through their last risk and needs assessment; (2) the sentencing court has imposed a term of supervised release after imprisonment; and (3) the application of FSA Time Credits would result in transfer to supervised release no earlier than 12 months before the date when transfer to supervised release otherwise would have occurred. 28 C.F.R. § 523.44(d).

The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") modified the FSA by lengthening the amount of time a prisoner could be placed on home confinement. *See* Coronavirus Aid, Relief, and Economic Security, H.R. 748, 116th Cong. § 12003(b)(2) (2020). The Attorney General issued directives on March 26, 2020 and April 3, 2020 "for the BOP to review all inmates with COVID-19 risk factors as described by the Centers for Disease Control and Prevention ('CDC') to determine which inmates are suitable for home confinement." *Wolf v. Fikes*, Civ. No. 22-194 (PJS-BRT), 2022 WL 4239095, at * 2 (D. Minn. Aug. 16, 2022). The Cares Act thus "expanded the potential opportunities for home confinement." *Id.* However, neither the Cares Act nor the FSA altered the BOP's exclusive authority to determine the placement of prisoners. *United States v. Tuckner*, Crim. No. 16-79 (DWF), 2020 WL 4271785, at *2 (D. Minn. July 24, 2020). "[I]t is the BOP—not the courts—

4

who decides whether home detention is appropriate." *Williams v. Birkholz*, Civ. No. 20-2190-(ECT/LIB), 2021 WL 4155614, at *3 (D. Minn. July 20, 2021), *report and recommendation adopted*, 2021 WL 4155013 (D. Minn. Sept. 13, 2021). The BOP currently prioritizes inmates for home confinement who, among other factors, have a low risk of recidivism, are vulnerable to COVID- 19, and have either served 50 percent or more of their sentences, or have 18 months or less remaining on their sentences and have served 25 percent or more of their sentences. (ECF Nos. 5 ¶ 23; 5-8 (Ex. H) at 1-2.)

**C.    Mr. Kostelecky's Petition**

Mr. Kostelecky filed his Petition on March 29, 2023 (ECF No. 1). He states that he has terminal prostate cancer and cardiovascular disease as well as other serious medical conditions. (*Id.* at 4.) He challenges the conditions of his confinement at FMC Rochester particularly in light of being terminally ill (*id.* at 5-11) and claims the BOP's "manual" calculation of his FSA Time Credits has "adversely affected his earned credit calculations" (*id.* at 13-14) by impacting his eligibility for home confinement (*id.* at 2, 12-14). He asks the Court to reduce his sentence to time served, or in the alternative, for "immediate release on conditions consonant with his medical needs." (*Id*. at 11, 14.)

In April 2023, Respondent argued Mr. Kostelecky's Petition should be dismissed for lack of jurisdiction because: (1) the BOP had already properly calculated his FSA Time Credits; (2) the Court lacks jurisdiction over the BOP's home confinement decisions; and (3) Mr. Kostelecky's claims regarding inadequate medical care are conditions of confinement claims that are not cognizable in a habeas action. (ECF No. 4 at 17-27.) Respondent further indicated that Mr. Kostelecky became eligible for home confinement on March 25, 2023, the BOP was working with

him on a home confinement plan, and the BOP anticipated recommending Mr. Kostelecky for a CARES Act home confinement placement in the near future. (*Id.* at 15.)

On May 17, 2023, the Court ordered Respondent to file a supplemental response as to Mr. Kostelecky's current place of confinement and projected release date. (ECF No. 7.) Respondent timely filed a second declaration and supplemental response stating that the BOP transferred Mr. Kostelecky to home confinement on May 10, 2023 (ECF Nos. 8 at 1; 9 ¶ 3; 9-1 (Ex. A) at 1), and that his updated projected release date with FSA Time Credits is June 22, 2024 (ECF Nos. 8 at 1; 9 ¶ 4; 9-2 (Ex. B) at 3). Respondent requested that, in light of Mr. Kostelecky's transfer to home confinement, the Petition be denied as moot. (ECF No. 8 at 1-3.)

## DISCUSSION

To the extent Mr. Kostelecky's request for "immediate release" is a request for an order directing the BOP to effectively calculate his FSA Time Credits so that he is eligible for home confinement,[5] his Petition is now moot because he has already obtained all the relief this Court could provide in a writ of habeas corpus: (1) the BOP calculated his FSA time credits on March 25, 2023 using an automated process (*see* ECF No. 5-5 (Ex. E)) and again on May 18, 2023 (ECF No. 9-2 (Ex. B) (updated projected release date)); and (2) the BOP transferred Mr. Kostelecky to home confinement on May 10, 2023 (*see* ECF No. 9-1 (Ex. A).) "Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and

---

[5] The Court notes that home confinement is not a "release" from a sentence, and an inmate may return to a BOP institution if he violates the terms of home detention. *See* 34 U.S.C. § 60541(g)(2) ("A violation by an eligible elderly offender or eligible terminally ill offender of the terms of home detention (including the commission of another Federal, State, or local crime) shall result in the removal of that offender from home detention and the return of that offender to the designated Bureau of Prisons institution in which that offender was imprisoned immediately before placement on home detention under paragraph (1), or to another appropriate Bureau of Prisons institution, as determined by the Bureau of Prisons.").

controversies." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (quoting *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000)) (citing U.S. Const. art. III, § 2, cl. 1). "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances … and a federal court can no longer grant effective relief,' the case is considered moot." *Id.* (quoting *Haden*, 212 F.3d at 469). When a case becomes moot, a federal court cannot "address the merits because any opinion [the court] would issue would be merely advisory." *In re Search Warrants Issued in Connection with Investigation of S. Cent. Career Ctr., W. Plains, Mo.* ("*In re Search Warrants*"), 487 F.3d 1190, 1192 (8th Cir. 2007) (citing *Haden*, 212 F.3d at 469).

In March 2023, the BOP calculated that Mr. Kostelecky had earned 120 FSA Time Credits and projected his release date as July 22, 2024. (ECF No. 5-5 (Ex. E).) Approximately two months later, the BOP calculated that Mr. Kostelecky had earned an additional 30 days of FSA Time Credits and updated his projected release date to June 22, 2024. (ECF No. 9-2 (Ex. B).) Mr. Kostelecky appears to challenge the BOP's FSA Time Credit calculation insofar as it impacts his eligibility for transfer to home confinement. (ECF No. 1 at 2, 12-13.) He similarly requests a "release" to home confinement based on the conditions of his confinement at FMC Rochester. (*Id.* at 5-11.) But by now the BOP has already transferred Mr. Kostelecky to home confinement. (ECF No. 9-1 (Ex. A).) Thus, to the extent Mr. Kostelecky seeks an FSA Time Credit calculation to enable his transfer to home confinement or transfer to home confinement based on the conditions at FMC Rochester, his Petition is moot—unless a recognized exception to mootness applies— because he has already received all the redress a favorable decision on his Petition would bring. *See Miller v. Whitehead*, 527 F.3d 752, 756 (8th Cir. 2008) (finding that claims by inmates who had been transferred to a residential reentry center subsequent to filing appeal were moot because

7

the relief they sought had been granted); *Mickelson v. Holinka*, 276 F. App'x 527, at *1 (8th Cir. May 5, 2008) (same); *see also Scheper v. Rios*, No. 19-cv-402 (MJD/ECW), 2020 WL 4060729, at *2 (D. Minn. June 5, 2020) (finding a petition moot when the petitioner had already obtained the relief the court could provide in a writ of habeas corpus), *report and recommendation adopted*, 2020 WL 4059875 (D. Minn. July 20, 2020).

A court should not dismiss a habeas petition as moot if any of the following exceptions apply: "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." *Ahmed v. Sessions*, Civ. No. 16-2124 (DSD/HB), 2017 WL 3267738, at *2 (D. Minn. July 11, 2017) (internal citation omitted), *report and recommendation adopted*, 2017 WL 3268176 (D. Minn. July 31, 2017); *see also, e.g.*, *Scheper*, 2020 WL 4060729, at *2-4.

These exceptions do not apply here. First, there are no cognizable collateral consequences of Mr. Kostelecky's transfer to home confinement; he was transferred within weeks of his eligibility. (ECF Nos. 4 at 15; 8-1 (Ex. A) at 1.) Second, the exceptions for wrongs "capable of repetition evading review" "applies if the matter is too short in duration to be fully litigated before it ends or expires and there is a reasonable expectation that [the petitioner] will be subjected to the same action again." *In re Search Warrants*, 487 F.3d 1193. Here, it appears there is nothing left to litigate because the BOP has already calculated Mr. Kostelecky's FSA Time Credits using an automated system and transferred him to home confinement. *Scheper*, 2020 WL 060729, at *3. It also appears the BOP is regularly updating Mr. Kostelecky's FSA Time Credits and there is no indication the BOP is likely to remove Mr. Kostelecky from home confinement. If the BOP were to take Mr. Kostelecky back into custody, it would do so based on a new set of facts and

8

circumstances for which Mr. Kostelecky would be free to bring a new habeas petition. *Id.* Third, there is nothing in the record to suggest the BOP transferred Mr. Kostelecky simply to preclude this Court's review. The BOP was already working with him on a home confinement plan at or soon after the time he filed his Petition. (ECF NO. 5 ¶ 26.) Finally, Mr. Kostelecky did not bring his Petition on behalf of a class of individuals. (*See* ECF No. 1.) Accordingly, to the extent Mr. Kostelecky challenges his FSA Time Credit calculation and seeks "immediate release" to home confinement, the Court recommends that his Petition be denied as moot.

Furthermore, even if Mr. Kostelecky's request for transfer to home confinement was not moot, the Court would lack jurisdiction to grant such relief. Courts in this district have repeatedly held that the BOP has exclusive authority to determine the placement of prisoners under 18 U.S.C. § 3624(c)(2), including their placement in home confinement. *See Garcia v. Eischen*, Civ. No. 22-444 (SRN/BRT), 2022 WL 4084185, at *2 (D. Minn. Aug. 16, 2022) (collecting cases); *Williams v. Birkholz*, Civ. No. 20-2190 (ECT/LIB), 2021 WL 4155614, at *3 (D. Minn. July 20, 2021), *report and recommendation adopted*, 2021 WL 4155013 (D. Minn. Sept. 13, 2021). As stated above, neither the Cares Act nor the FSA alters the BOP's exclusive authority to determine the placement of prisoners. *United States v. Tuckner*, Crim. No. 16-79 (DWF), 2020 WL 4271785, at *2 (D. Minn. July 24, 2020).

The Court also considers Mr. Kostelecky's Petition insofar as he requests his sentence be reduced to time served. Mr. Kostelecky argues immediate release from custody is appropriate because he is terminally ill and the conditions of his confinement at FMC Rochester cannot accommodate his illness. (ECF No. 1 at 5-11.) Given that he is no longer confined at FMC Rochester, this particular argument is no longer viable. And while the Court is sympathetic to Mr. Kostelecky's illness, habeas corpus relief generally is unavailable unless a prisoner can establish

that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Eighth Circuit has twice held that the court lacks habeas jurisdiction over prison conditions of confinement cases. *See Spencer v. Haynes*, 774 F.3d 467, 470 (8th Cir. 2014); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996). Accordingly, Mr. Kostelecky's Petition is not a proper remedy to address his claims related to the conditions of confinement at FMC Rochester. Similarly, while the Court is pleased the BOP was able to accommodate Mr. Kostelecky's desire to transfer to home confinement, the Court cannot simply reduce his sentence to time-served on a habeas petition, regardless of his illness. *Johnson v. Birkholz*, Civ. No. 21-CV-2017 (PJS/LIB), 2022 WL 3135304, at *1 (D. Minn. Aug. 5, 2022) ("When a prisoner is not challenging either the fact or the duration of his confinement, habeas is not the proper remedy, and the court lacks jurisdiction over his claims."). To the extent Mr. Kostelecky seeks immediate release and reduction of his sentence to time served as a result of his terminal illness, a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is a more appropriate vehicle.

For these reasons, the Court recommends that Mr. Kostelecky's Petition be denied in its entirety and this matter be dismissed with prejudice.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMEND THAT**:

1. Mr. Kostelecky's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. [1]) be **DENIED AS MOOT** to the extent he challenges his FSA Time Credit calculation and seeks "immediate release" to home confinement;

2. Mr. Kostelecky's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. [1]) be **DENIED** to the extent he seeks a sentence reduction to time served; and

3.      This matter be **DISMISSED WITH PREJUDICE**.

Dated:  June 5, 2023

*s/ Dulce J. Foster*
DULCE J. FOSTER
U.S. Magistrate Judge

## **NOTICE**

**Filing** Objections: This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).